TUCKER v. BRUTON

[102 N.C. App. 117 (1991)]

———————

GARL JUNIOR TUCKER, PLAINTIFF v. MICA ELISE BRUTON, AND DORIS SANDERS BRUTON, DEFENDANTS

No. 9019SC734

(Filed 5 March 1991)

**Automobiles and Other Vehicles § 613 (NCI4th) — pedestrian crossing at unmarked crosswalk — instruction not required**

In an action to recover for injuries sustained when plaintiff pedestrian was struck by defendant driver, the trial court did not err by concluding as a matter of law that the place where plaintiff stepped onto the highway was neither a marked nor an unmarked crosswalk and refusing to charge the jury

TUCKER v. BRUTON

[102 N.C. App. 117 (1991)]

on the right-of-way of a pedestrian in an unmarked crosswalk, since the evidence tended to show that plaintiff crossed at an intersection where there were no traffic signals and no sidewalks on either side of the street, and plaintiff produced no evidence that there was a "sidewalk like area" on either side of the intersection or evidence that the area at which plaintiff crossed was used as a sidewalk.

**Am Jur 2d, Automobiles and Highway Traffic §§ 477, 478, 480.**

APPEAL by plaintiff and cross-appeal by defendant from judgment entered 5 March 1990 by *Judge W. Steven Allen* in MONTGOMERY County Superior Court. Heard in the Court of Appeals 16 January 1991.

*Donaldson & Horsley, P.A., by William F. Horsley and Arthur J. Donaldson, for plaintiff appellant, cross appellee.*

*Teague and Rotenstreich, by Stephen G. Teague and Kenneth B. Rotenstreich, for defendant appellees, cross appellants.*

COZORT, Judge.

Plaintiff was hit by a car driven by defendant Mica Bruton as plaintiff was crossing at the unmarked intersection of N.C. Highway 24-27 and Courthouse Square Avenue in Troy. Plaintiff filed suit against the driver of the automobile, Mica Bruton, and the owner of the auto, her mother, Doris Bruton. Plaintiff alleged that Mica Bruton was negligent in that she failed to yield the right-of-way to a pedestrian in violation of N.C. Gen. Stat. § 20-173(a) (1989). Plaintiff claimed that Mica's negligence should be imputed to Doris Bruton by virtue of the family purpose doctrine. A jury found that defendant Mica Bruton was not negligent. Plaintiff appeals, alleging that he was crossing at an unmarked crosswalk and that the trial court erred by not instructing that plaintiff pedestrian, if within an unmarked crosswalk, had the right-of-way. We find no evidence to support plaintiff's contention that he was crossing at an unmarked crosswalk, and we find no error.

The evidence at trial tended to show that plaintiff was hit by a car driven by defendant Mica Bruton on 16 May 1987 at approximately 9:00 p.m. Plaintiff was hit while attempting to cross N.C. Highway 24-27. N.C. Highway 24-27 has three lanes, one for

westbound traffic, one for eastbound traffic, and one for eastbound traffic turning left at a traffic signal at the next intersection. Plaintiff had successfully crossed the two eastbound lanes and was almost across the westbound lane when he was hit by defendant. Plaintiff was injured and transported to a hospital in Asheboro where he received treatment for the injuries to his right leg.

Both parties presented diagrams of the accident scene. It is uncontradicted that the intersection at which plaintiff was crossing was unmarked and that the area within which plaintiff was walking was not a marked crosswalk. At trial, the trial court denied plaintiff's request that the court give the following instruction:

> The motor vehicle law provides that when a pedestrian is crossing a roadway within an unmarked crosswalk at an intersection—that is, within the area that would be included if the lines of a sidewalk were projected across the intersection or near the intersection, the driver of any vehicle on the roadway must yield the right-of-way to the pedestrian. This means that the driver must slow down or, if necessary, stop, in order to avoid injury to the pedestrian.

The jury found that the defendants were not negligent. Plaintiff appeals.

The issue presented on appeal is whether the trial court erred by concluding as a matter of law that the place where plaintiff stepped onto N.C. Highway 24-27 was neither a marked nor an unmarked crosswalk and thus refusing to charge the jury as requested by the plaintiff. For the following reasons, we find the court did not err.

N.C. Gen. Stat. § 20-173(a) provides:

> (a) Where traffic-control signals are not in place or in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at or near an intersection . . . .

Furthermore, N.C. Gen. Stat. § 20-174(a) (1989) provides:

> (a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

The determination of whether plaintiff or defendant had the right-of-way depends upon whether plaintiff was crossing at an "unmarked crosswalk." Simply stated, the rule is:

> If [plaintiff] was crossing in an unmarked crosswalk at an intersection, [plaintiff] was not required to anticipate negligence on the part of others. In the absence of anything which gave or should have given notice to the contrary, [plaintiff] was entitled to assume and to act upon the assumption, even to the last moment, that others would observe and obey the statute which required them to yield the right of way.

*Bowen v. Gardner*, 275 N.C. 363, 368-69, 168 S.E.2d 47, 51 (1969). The Motor Vehicle Act does not define "unmarked crosswalk." In *Anderson v. Carter*, 272 N.C. 426, 430, 158 S.E.2d 607, 610 (1968), the North Carolina Supreme Court defined an "unmarked crosswalk" as "that area within an intersection which also lies within the lateral boundaries of a sidewalk projected across the intersection." Under this definition, the plaintiff must show that he was crossing at an area which was the projected extension of the sidewalk from one side of the street to the other. In the present case, the plaintiff was not crossing at such an area. He crossed at an intersection where there were no traffic signals and no sidewalks on either side of the street he was crossing.

Plaintiff contends nonetheless that *Bowen v. Gardner* supports the proposition that, regardless of the nonexistence of a sidewalk, the area where he crossed is an unmarked crosswalk. We disagree. In *Bowen* the plaintiff was crossing at an intersection where one side of the street had paved sidewalks and the other side (the side from which plaintiff was crossing) had no pavement. There was testimony that plaintiff was crossing from a place where the sidewalk would have been had there been one and that before stepping into the street plaintiff was on "what you would call the sidewalk going to the corner." *Id.* at 367, 168 S.E.2d at 50. In the present case, however, plaintiff produced no evidence that there was a "sidewalk like area" on either side of the intersection, or evidence that the area at which plaintiff crossed was used as a sidewalk. There is no evidence in the record which would support a conclusion that the plaintiff was crossing at an unmarked crosswalk. We hold the trial court properly refused to instruct that the jury may find plaintiff was crossing at an unmarked crosswalk.

Defendants filed a cross-appeal, contending the trial court erred by refusing to direct a verdict in defendants' favor. Since we find that the trial court did not err by refusing to give the instruction requested by plaintiff, we do not need to address defendants' cross-appeal.

No error.

Judges PARKER and GREENE concur.